IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD ) | | |
| OF ELECTRICAL WORKERS, ) | | |
| LOCAL UNION NO. 124, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | Case No. 05-0125-CV-W-ODS | |
| ) | | |
| SMART CABLING SOLUTIONS, INC., ) | | |
| ) | | |
| Defendant. ) | | |

<u>ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, CONFIRMING AND ENFORCING THE AWARD OF THE COUNCIL ON
INDUSTRIAL RELATIONS, AND DIRECTING DEFENDANT TO ABIDE BY THE
AWARD OF THE COUNSEL ON INDUSTRIAL</u>

Pending is Plaintiff's Motion for Summary Judgment (Doc. # 22). After considering the parties' arguments, the Court grants the motion.

I. BACKGROUND

The parties disagree on a great many facts, but none of them are relevant to the legal issues involved. In some cases, Defendant questions the evidentiary basis for facts in the record; none of the objections are meritorious and they are summarily rejected.

The parties executed a collective bargaining agreement ("CBA") that they have referred to as "the Inside Agreement." The Inside Agreement was effective from September 4, 2000, through August 31, 2003. In May 2003, Defendant advised Plaintiff it was terminating the Inside Agreement effective with its expiration, as permitted by sections 1.02(a) and 1.02(f). These sections act in concert to allow either party to terminate the Inside Agreement by providing written notice at least ninety days before the Inside Agreement's expiration. In June and July, the parties met and discussed renewal of the Inside Agreement but were unable to reach an agreement. Plaintiff then

initiated proceedings before the Council on Industrial Relations ("CIR") pursuant to section 1.02(d) of the Inside Agreement. This section states as follows:

> Unresolved issues or disputes arising out of the failure to negotiate a renewal or modification of this Agreement . . . may be submitted jointly or unilaterally to the [CIR] for adjudication. . . . The [CIR's] decisions shall be final and binding.

On August 1, 2003, the CIR sent the parties a notice setting the date for the adjudication. Abundant documents (such as counsel's letters included in Defendant's Exhibits E and F) make clear Defendant was aware of the purpose for the adjudication. Plaintiff appeared before the CIR, but Defendant did not. The CIR directed the parties to execute the agreement attached to its decision. Defendant has refused to sign or implement the agreement, and it also has not initiated proceedings to vacate the award. Plaintiff initiated this suit in February 2005, seeking an order enforcing the arbitrators' award.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts

showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).   Defendant does not directly challenge the substance of the CIR's arbitral decision.  Instead, it argues (1) it terminated the Inside Agreement in accordance with its terms, thereby extinguishing any agreement to arbitrate, and (2) various rules and conditions were not met, thereby depriving the CIR of jurisdiction.  The Court rejects these arguments.

First, the obligation to arbitrate survived Defendant's termination of the Inside Agreement. Section 1.02(d) is an "interest arbitration clause;" that is, it "'is one in which the parties agree to arbitrate disputes over the terms of a new collective bargaining agreement in the event of a deadlock.'" International Bhd. of Elec. Workers Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1089 (8th Cir. 2004) (quoting Sheet Metal Workers' Int'l Ass'n Local 14 v. Aldrich Air Conditioning, Inc., 717 F.2d 456, 456 (8th Cir. 1983)).  An interest arbitration clause survives termination of the CBA, "and employers and eligible workers may be subject to imposition of at least one undesired 'successor' agreement through interest arbitration." Id. at 1089 n.3; see also International Bhd. of Elec. Workers Local Union 257 v. Sebastian Elec., 121 F.3d 1180, 1185 (8th Cir. 1997). The parties are protected against infinite perpetuation of the CBA by court rulings holding that interest arbitration cannot result in reimposition of an interest arbitration clause.  Hope Elec., 380 F.3d at 1089 n.3 (citing Aldrich Air Conditioning, 717 F.2d at 458).  Defendant's position is incorrect as a matter of law: termination of the Inside Agreement did not extinguish its obligation to submit to interest arbitration, and that arbitration may lawfully result in the forced imposition of a CBA contrary to Defendant's desires.

Defendant's arguments regarding the CIR's jurisdiction fail to address the various meanings attached to the term "jurisdiction" in this context.  "Jurisdictional challenges of a substantive nature . . . are generally for the courts to resolve and relate to . . . the underlying issues of contract interpretation necessary to determine whether the parties are subject to a valid contract that calls for arbitration, and whether the contract . . . authorizes the arbitrators to decide the substantive issue submitted for resolution." Id. at 1098.  Defendant's challenges involve assertions that (1) Plaintiff did not engage in bona fide bargaining before unilaterally submitting the matter to the CIR, (2) the content

3

of the notices from Plaintiff and the CIR were incomplete or otherwise flawed, and (3) notice was not timely provided.  None of these issues are substantive: they do not affect the validity of the arbitration provision contained in section 1.02(d) or have any bearing on whether the substantive issues submitted to the CIR were the types of issues section 1.02(d) decreed the CIR could decide.

Defendant's arguments are really procedural arguments that arise not from the Inside Agreement, but from Defendant's interpretation of rules and guides for proceedings before the CIR.  They relate not to the power of the arbitral body or the scope of the parties' agreement to arbitrate, but rather to the rules governing the process.  E.g., Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002); International Ass'n of Bridge, Structural, Ornamental and Reinforcing Ironworkers, Shopman's Local 493 v. EFCO Corp. & Const. Products, Inc., 359 F.3d 954, 956 (8th Cir. 2004).  Issues of procedure are for the arbitrator to decide, and if Defendant wished these issues to be addressed it needed to raise them before the CIR.

Of course, Defendant did not raise all of these issues before the CIR (although some were raised in pre-arbitration correspondence submitted by Defendant's attorney).  Regardless, the Court is not empowered to consider these matters.  "[W]hether we apply a theory of waiver or merely recognize the fact that arbitrators and not judges are empowered to decide such issues," the Court cannot consider these procedural issues.  Hope Elec., 380 F.3d at 1099.

## III.  CONCLUSION

Plaintiff's Motion for Summary Judgment is granted.  The CIR's decision is confirmed and, and within twenty days Defendant shall execute and implement the CBA attached to the CIR's decision.
IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, JUDGE
DATE: March 13, 2006                    UNITED STATES DISTRICT COURT